UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINELVIA VARGAS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHSTAR LOCATION SERVICES, LLC,<br><br>Defendant(s). | Civil Action No. |

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

Plaintiff Dinelvia Vargas, on behalf of herself and all others similarly situated by and through her undersigned attorneys, alleges against the above-named Defendant Northstar Location Services, LLC, (hereinafter "NLS") its employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.   Plaintiff brings her action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1367. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1331(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector," are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff Dinelvia Vargas is a natural person who at all relevant times resided in the State of New Jersey, County of Essex, City of Bloomfield.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Defendant.

7. Plaintiff is a "consumer" as defined by U.S.C. § 1692a(3) of the FDCPA.

8. Defendant NLS is a limited liability corporation, organized under the law of New York, and regularly engaged in the business of collecting debts in this State with its principal place of business located at 4285 Genesee Street, Cheektowaga, New York 14225.

9. Defendant uses instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect a debt allegedly due from Dinelvia Vargas to Discover Bank arising from transactions incurred for personal, family, or household purposes.

12. Defendants sent Ms. Vargas a letter dated May 24, 2012 in an attempt to collect the alleged debt. Defendant's letter referenced an alleged debt originally due from Ms. Vargas to Discover Bank for an account number ending in 9017 and for the amount of $14,012.67. (Attached hereto as Exhibit A.)

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this Action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (hereinafter the "Class"), who have received debt collection letters and/or notices from NLS which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collections letters and/or notices from NLS that contained at least one of the alleged violations arising from the Defendants' violations of 15 U.S.C. 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from NLS that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether NLS is a debt collector;

    b. Whether NLS violated various provisions of the FDCPA;

    c. Whether Plaintiff and the Class have been injured by the conduct of NLS;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain proceeds of their ill-gotten gains.
- Defendant has acted on grounds that generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g *et. seq.***

16. Plaintiff incorporates by reference paragraphs 1-15.

17. Collection letters and/or notices such as those sent by Defendant are to be evaluated from the objective standard of the hypothetical "least sophisticated consumer."

18. Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

19. Section 1692g(a)(1) of the FDCPA requires the debt collector to:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt…
> send the consumer a written notice containing --- the amount of the debt."

20. Defendant violated Section 1692g(a)(1) of the FDCPA by failing to inform Plaintiff in its initial communication of May 24, 2012, that the amount of the debt was subject to increase due to interest continuing to accrue on the unpaid principal balance. *See* Exhibit A.

21. Plaintiff suffered damages when Defendant failed to provide language in the initial communication, informing Plaintiff that the amount of the alleged debt could increase over time due to the interest continuing to accrue on the unpaid principal balance.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**

22. Plaintiff incorporates by reference paragraphs 1-20.

23. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

24. Defendant violated Section 1692e(10) by falsely stating the amount of the alleged debt.

25. Plaintiff suffered damages when Defendants falsely stated the amount of the alleged debt in the initial communication, which she read upon receipt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3);

(3) Such other or further relief as the Court deems proper.

Dated: Fort Lee, New Jersey  
      May 15, 2013

s/ Prabhkaran S. Bedi_____  
Prabhkaran S. Bedi (PB1175)  
Benjamin Nazmiyal Law Group, P.C.  
209 Main St., Suite 2  
Fort Lee, NJ, 07024  
(201) 379-5507  
(201) 849-5074 – Facsimile  
pbedi@bnazlawgroup.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

s/ Prabhkaran S. Bedi_____
Prabhkaran S. Bedi (PB1175)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Prabhkaran S. Bedi, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 15, 2013                          s/ Prabhkaran S. Bedi_____
                                             Prabhkaran S. Bedi (PB1175)